UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HENRY OLIVER MCKINNON, III,

    Plaintiff,

v.

                                      Case No. 3:24-cv-478-MMH-LLL

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____

**ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE**

Plaintiff Henry Oliver McKinnon, III, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. Doc. 1.[1] He is proceeding in forma pauperis on a Second Amended Complaint (SAC; Doc. 9). McKinnon sues four Defendants in their individual and official capacities: (1) the Secretary of the Florida Department of Corrections (FDOC); (2) Lieutenant Birdsong; (3) Sergeant Tollick; and (4) the Head of Keefe Warehouse. SAC at 1-3. And he raises claims under the Eighth Amendment and several administrative codes. Id. at 3, 4, 5-7. As relief, he requests monetary damages, disciplinary action against

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Defendants Birdsong and Tollick, and a "redo" on his state court criminal appeal and "freedom." Id. at 10-11.

In the SAC, McKinnon alleges that on January 4, 2024, Defendant Birdsong made "homosexual demands" of him, and when he refused, Birdsong "mace[d]" him and ordered a five-man team to beat him, attempt to "knock out [his] left eyeball," and rob him. Id. at 5-6, 10, 12. According to McKinnon, the use of force resulted in eight or nine stitches over his left eye, a twisted right ankle, and "serious pain" to his left wrist. Id. at 10. He alleges officials placed him on a "very illegal" four-day strip status, and when those four days were over, Defendant Tollick refused to return his personal property. McKinnon also asserts that the Head of Keefe Warehouse, or "The Keefe Warehouse Manager," refused to deliver the "black Koss Headphones" that he ordered in December 2023, and thus, "basically" "robb[ed]" McKinnon. Id. at 4, 7-8.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal

2

Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v.

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the SAC, the Court must read McKinnon's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise

5

deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, McKinnon's SAC fails to state a plausible § 1983 claim against the Secretary. McKinnon makes no factual allegations against this Defendant, nor does he allege the Secretary participated in these alleged events or otherwise knew about any other Defendant's conduct. Indeed, the only mention of the Secretary is in the case caption, where McKinnon writes "for Rule of Conduct violations." SAC at 1. The SAC is otherwise devoid of facts that would allow the Court to draw reasonable inferences that the Secretary violated McKinnon's constitutional rights. And violations of state law or administrative procedures are not constitutional violations actionable under § 1983. See 42 U.S.C. § 1983; see also Magluta v. Samples, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) ("[T]he procedural requirements set out in [a state] regulation are not themselves constitutional mandates."). Further, the Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). To establish

individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047-48 (11th Cir. 2014). It is clear from McKinnon's allegations that he believes the independent actions of Defendants Birdsong and Tollick amounted to actionable violations of his rights. See SAC at 3-8. McKinnon makes no allegations, however, that the Secretary directly participated in any unconstitutional conduct or that a causal connection exists between the Secretary's actions and any alleged constitutional violation. Accordingly, McKinnon has failed to state a claim against the Secretary.

McKinnon also fails to state a claim regarding property deprivation against Birdsong, Tollick, and the Head of Keefe Warehouse. Notably, the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property so long as the state provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014);[3] Taylor v. McSwain,

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."). McKinnon has an available post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)). As the only allegations against Sergeant Tollick and the Head of Keefe Warehouse involve property deprivation, he has failed to state a claim against those Defendants. McKinnon has similarly failed to state a claim against Defendant Birdsong on this basis.

Additionally, McKinnon has failed to state a claim against any Defendant in their official capacity. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against the entity to which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted). Thus, a suit against Defendants in their official capacities is equivalent to suing the FDOC itself. To proceed on such a claim, a plaintiff must allege that a policy, custom, or practice of the FDOC was the "moving force" behind any alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693–94 (1978) (concluding that municipal liability under

8

§ 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Here, McKinnon fails to allege any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. Accordingly, McKinnon has failed to state a claim against Defendants in their official capacities.

Finally, to the extent McKinnon requests that the Court order prison officials to enforce disciplinary action against any Defendant, courts generally will not interfere with matters of prison administration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). Federal courts do not have the power to order officials to take certain disciplinary actions against their employees. See LaMarca v. Turner, 995 F.2d 1526, 1543 (11th Cir. 1993) (holding that a court's requirement of a state official to discipline its correctional officers was an "inappropriate use of the court's equity powers."); see also Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1978) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), rev'd in part on other grounds by Alabama v. Pugh, 438 U.S. 781 (1978). Additionally, to the extent McKinnon seeks a "redo" of his state court criminal appeal or "freedom" and release from prison, that relief cannot be obtained through a § 1983 action. Rather,

9

McKinnon must seek that relief in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Heck v. Humphrey, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of [his] confinement and seeks immediate or speedier release[.]").

In light of the above, only McKinnon's Eighth Amendment excessive force claim against Defendant Birdsong in his individual capacity will proceed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. McKinnon's claims against the Secretary of the Florida Department of Corrections, Sergeant Tollick, and the Head of Keefe Warehouse are **DISMISSED without prejudice**. The **Clerk** shall terminate them as Defendants in this case.

2. McKinnon's official capacity claims against all Defendants are **DISMISSED without prejudice**.

3. McKinnon's request that the Court order prison officials to enforce disciplinary actions against Defendants and his request for immediate release from prison are **DISMISSED**.

2. McKinnon's Eighth Amendment excessive force claim against Defendant Birdsong in his individual capacity and his request for monetary

10

damages will proceed. A separate Order will enter regarding service of process on the remaining Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of December, 2024.

MARCIA MORALES HOWARD
United States District Judge

JaxP-12
C:   Henry Oliver McKinnon, III, #J28012